The Honorable Jim Hill President Pro Tempore of the Senate 100 Center Nashville, AR 71852-3821
Dear Senator Hill:
You have presented the following question for my opinion:
 Is a simple majority vote sufficient to pass Senate Bill 768, or is a three-fourths vote necessary?
Senate Bill 768 is entitled "An Act to Add and Additional Sales Tax on Tobacco Products." If enacted, the bill would levy an excise tax of thirty percent on all retail sales of tobacco products as defined in A.C.A. § 26-57-203.
RESPONSE
It is my opinion that a simple majority vote is sufficient to pass Senate Bill 768.
The issue that is central to your question is whether Senate Bill 768 falls within the purview of Article 5, § 37 of the Arkansas Constitution, or of Article 5, § 38 of the Arkansas Constitution. Both of these sections were added to the constitution by Amendment 19, which was adopted in 1934.
Article 5, § 37 states:
 Not less than a majority of the members of each House of the General Assembly may enact a law.
Ark. Const., Art. 5, § 37 (As added to the Constitution by Amendment 19).
Article 5, § 38 states:
None of the rates for property, excise, privilege or personal taxes, nowlevied shall be increased by the General Assembly except after the approval of the qualified electors voting thereon at an election, or in case of emergency, by the votes of three-fourths of the members elected to each House of the General Assembly.
Ark. Const., Art. 5, § 38 (as added to the Constitution by Amendment 19) (emphasis added).
The Arkansas Supreme Court has held that the phrase "now levied," as used in Article 5, § 38, renders that provision inapplicable to any new tax imposed after the adoption of Amendment 19 in 1934. See Caldarera v.McCarroll, Commissioner of Revenue, 198 Ark. 584, 129 S.W.2d 615 (1939). A concurring opinion in Caldarera interpreted the phrase "now levied" to mean that a popular vote or legislative supermajority is required only if a bill would effect an increase in a tax levied at the time of the adoption of Amendment 19. Caldarera, supra (Smith, J., concurring).
The Arkansas Supreme Court has maintained the interpretation enunciated in Caldarera, most recently addressing the issue in Miller v. Leathers,311 Ark. 372, 843 S.W.2d 850 (1992). In that case, the court citedCaldarera with approval and held that an increase in the sales tax could be effected by a simple majority vote because the gross receipts tax was originally imposed after the adoption of Amendment 19 and was not enumerated in Article 5, § 38 as a tax that could not be increased without a popular vote or legislative supermajority.
My predecessors in office have consistently interpreted Article 5, §§ 37 and 38 in a manner consistent with the Caldarera and Miller
interpretation. See, e.g., Ops. Att'y Gen. Nos. 95-086 (simple majority sufficient to pass excise tax in 1995 on gross receipts or gross proceeds derived from rentals of licensed motor vehicles by certain operators at airport facilities); 91-012 (simple majority sufficient to pass a new [1989] excise tax on sale of merchandise and equipment utilized in taking of game); 89-325 (simple majority vote sufficient to increase gallonage tax on spirituous liquors originally enacted in 1935); 88-325 (Art. 5, § 38 did not apply to increase in gross receipts tax originally enacted in 1941). I believe that my predecessors' interpretation is consistent with Arkansas precedent.
When I apply this interpretation to Senate Bill 768, I must conclude that a simple majority vote is sufficient to pass the bill, because the bill levies a tax that was not levied at the time of the adoption of Amendment 19 in 1934. My research indicates that in 1934, two taxes were levied on tobacco products: (1) A tax on "the business of handling, receiving, selling or offering for sale and dealing in, through sale, barter or exchange, of certain tobacco products" see Acts 1929, No. 152; and (2) A privilege tax on cigarette vending machines, see Acts 1931, No. 167. These taxes levied by Act 152 of 1929 and Act 167 of 1931 were not taxes on retail sales of tobacco products.
I note that the title of Senate Bill 768 refers to the tax levied therein as an "additional sales tax." The text of the bill provides that the tax is to be collected, reported, and paid in the same manner and at the same time as "all other Arkansas gross receipts taxes." These references are significant, because gross receipts taxes were first enacted in 1941.See Acts 1941, No. 386. If indeed the tax that would be levied by Senate Bill 768 is a gross receipts tax, it necessarily is a tax that did not exist before 1941.
For these reasons, I must conclude that Senate Bill 768 is governed by Article 5, § 37 rather than by Article 5, § 38, and that accordingly, a simple majority vote is sufficient to pass the bill.[1]
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] In my opinion, Senate Bill 768 is not governed by Article 5, § 31
of the Arkansas Constitution, which requires a two-thirds vote to pass certain taxes. I base this conclusion on the fact that the bill specifies a use of the tax revenues collected thereunder that would constitute "defraying the necessary expenses of government," a use which renders the bill exempt from the two-thirds vote requirement. Id.